United States District Court
Southern District of Texas
**ENTERED**
February 23, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **IMPULSE DOWNHOLE SOLUTIONS LTD.**, *et al.*, § § § § | |
| **Plaintiffs,** § § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-02954 |
| § | |
| **DOWNHOLE WELL SOLUTIONS, LLC,** § § § | |
| **Defendant.** § | |

## MEMORANDUM & ORDER

Before the Court are Plaintiffs' Motion for Leave to Amend Preliminary Infringement Contentions, ECF No. 41, and Defendant's Motion for Summary Judgment, ECF No. 30. For the reasons that follow, both Motions are **DENIED AS MOOT.**

### I.  BACKGROUND

Plaintiffs Impulse Downhole Solutions Ltd. and Impulse Downhole Tools USA Ltd. (collectively "Impulse") bring claims of patent infringement against Defendant Downhole Well Solutions, LLC ("DWS"). This case is in its early stages. On November 8, 2023, the Court entered a scheduling order requiring Impulse to submit its preliminary infringement contentions ("PICs") by December 1, 2023. ECF No. 23. On November 29, 2023, DWS produced 22 technical documents related to the products at issue, although it was not required to produce such documents until it served its preliminary invalidity contentions. On December 1, 2023, Impulse served its PICs in compliance with the deadline in the scheduling order. Impulse's PICs did not incorporate information from the technical documents DWS turned over two days prior. On December 15,

1

2023, DWS produced a second set of more extensive technical documents in response to deficiencies Impulse identified in the first set. Less than two weeks later on December 27, 2023, Impulse served amended PICs incorporating information acquired from DWS's production of technical documents.

DWS now moves for summary judgment on the basis that Impulse's December 1st PICs cannot support an infringement claim. ECF No. 30. DWS further contends that Impulse was not permitted to amend its PICs without leave of the Court. Impulse argues, among other things, that it had a right to amend its PICs under the local Patent Rules and that DWS's Motion for Summary Judgment is mooted by the amended PICs. Alternatively, Impulse moves for leave to amend its PICs. ECF No. 41.

## II.     APPLICABLE LAW

The Southern District of Texas's Patent Rules governing the amendment of preliminary infringement contentions control this dispute. They set out that "[a]mendment or modification of the Preliminary or Final Infringement Contentions . . . other than expressly permitted in P.R. 3-6, may be made only if the presiding judge finds there is good cause for the requested changes." P.R. 3-7(a). Patent Rule 3-6 provides an exception to the general rule that a party must obtain court approval before making amendments:

> If a party claiming patent infringement has good cause to believe that the material produced by an opposing party under P.R. 3-4 requires amendment of its 'Preliminary Infringement Contentions' with respect to the information required by P.R. 3-1(c) and (d), leave of court is not required. These amended contentions must be served within a reasonable time after the opposing party's document production.

P.R. 3-6(a). Patent Rule 3-4 provides that a party must produce certain technical documents along with its Preliminary Invalidity Contentions. P.R. 3-4.

2

### III. ANALYSIS & RECOMMENDATION

#### a. Impulse's Motion for Leave to Amend

On December 27, 2023, Impulse amended its PICs to incorporate non-public information contained in DWS's November 29th and December 15th document production. Impulse contends that it was permitted to amend its PICs without leave of the Court under Patent Rule 3-6. Alternatively, Impulse moves for leave to amend under Patent Rule 3-7.

The Court finds that Impulse was entitled to amend its PICs without leave of the Court. Patent Rule 3-6 states that if technical documents produced pursuant to Patent Rule 3-4 provide a party with good cause to believe amendment of its PICs is necessary, it may amend its PICs without leave of the Court. P.R. 3-6(a). Such an amendment must be completed within a "reasonable time" after the relevant documents are produced. *Id.* Pursuant to this provision, Impulse's December 27th amendment to its PICs was proper insofar as it incorporated information from the documents DWS produced on November 29th and December 15th.

DWS first argues that, because Impulse received the first set of documents on November 29, two days before Impulse submitted its first PICs, Patent Rule 3-6 no longer applies. However, Patent Rule 3-6 is not so rigid. It provides that a party shall have a reasonable time to amend its PICs after relevant document production. This holds true even if the opposing party submits the documents shortly before PICs are due.

Closer scrutiny of DWS's reading highlights why it is untenable. Take, for example, a defendant who produces technical documents an hour *after* a plaintiff submits its PICs. In that case, Patent Rule 3-6 clearly gives the plaintiff a reasonable time to amend, assuming it has good cause to believe that amendment is necessary. Now consider a defendant who produces technical documents an hour *before* a plaintiff's PICs are due. In that scenario, DWS's interpretation of the

3

Patent Rules would leave the plaintiff with only one hour to incorporate the information from the documents into its PICs. Such a disparate outcome has no practical purpose and serves only to incentivize gamesmanship among patent litigants.

As applied to this case, DWS's contention that Impulse should have incorporated the November 29th documents into its December 1st PICs would violate Patent Rule 3-6's guarantee of a reasonable time to incorporate relevant technical documents. In fact, the Court finds that Impulse obeyed the rule's requirement that amendments be served within a reasonable time. Impulse produced its amended PICs on December 27th, which was within 30 days of the November 29th disclosure and within 14 days of the subsequent December 15th disclosure.

DWS next points to the language in the scheduling order to suggest that Impulse needed leave of the court to amend its PICs. The scheduling order states that after December 1, 2023, "it is necessary to obtain leave of court to add and/or amend infringement contentions, pursuant to Patent Rule (P.R.) 3-7." In turn, Patent Rule 3-7 provides that leave of the Court is required *except* where Patent Rule 3-6 provides an exception. As described above, Patent Rule 3-6 applies to this dispute, and supplies a relevant exception. Rather than adopting a reading that would create discord between the scheduling order and Patent Rules 3-6 and 3-7, the Court instead finds that the scheduling order's explicit endorsement of Patent Rule 3-7 includes that rule's exception for the circumstances outlined by Patent Rule 3-6. Thus, the scheduling order does not bar Impulse's amendment.

In sum, the Court finds that Impulse properly amended its PICs under Patent Rule 3-6. Because leave of the Court was not required for this amendment, Impulse's Motion for Leave to Amend is **DENIED AS MOOT**.

### b. DWS's Motion for Summary Judgment

DWS seeks summary judgment of non-infringement, asserting that Impulse cannot show infringement based on the claims asserted in its December 1st PICs. Specifically, DWS argues that Impulse's allegations in the prior PICs are all against U.S. Patent No. 10,590,709 ("the '709 Patent"), which Impulse claims it does not own or practice. However, the Court need not reach the merits of this argument because Impulse's amended PICs no longer assert a claim related to the '709 Patent.

Aside from its arguments about the '709 Patent, DWS's only other contention in the Motion is that Impulse's December 1st PICs were insufficiently detailed and relied only on vague publicly available information. These arguments are mooted by the amended PICs, which incorporate the technical documents DWS produced. Thus, the Court finds that DWS's Motion for Summary Judgment should be **DENIED AS MOOT.**

## IV. CONCLUSION

The Court finds that Patent Rule 3-6 permitted Impulse to amend its PICs without leave of the Court. Thus, Impulse's Motion for Leave is **DENIED AS MOOT**. Further, DWS's Motion for Summary Judgment, which was based solely on Impulse's prior infringement contentions, is likewise **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Signed at Houston, Texas on February 23, 2024.

Keith P. Ellison
United States District Judge