IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IMPULSE DOWNHOLE SOLUTIONS LTD., AND IMPULSE DOWNHOLE TOOLS USA LTD., <br><br> Plaintiff, <br><br> v. <br><br> DOWNHOLE WELL SOLUTIONS, LLC, <br><br> Defendant. | Civil Action No. 4:23-cv-02954 <br><br> JURY TRIAL DEMANDED |

**NON-PARTY TROY LORENSON'S MOTION TO QUASH
DEFENDANT'S TRIAL SUBPOENA UNDER FED. R. CIV. P. 45, OR
ALTERNATIVELY TO MODIFY THE SUBPOENA**

In a calculated effort to intimidate, distract, and unsettle a witness minutes before he was about to testify, DWS had a process server serve a trial subpoena on non-party Troy Lorenson while he sat just outside the courtroom doors, waiting for Mr. Webster's testimony to conclude and his own testimony to begin. The subpoena is improper and should be quashed, but far more concerning, this attempt at witness intimidation and interference is the type of conduct that undermines the integrity and fairness of the proceeding. It should not go unremarked.

Mr. Lorenson has been disclosed on every version of Impulse's "will call live" list shared with DWS since January 21, 2026. In the Pre-Trial Order filed on February 14, Impulse identified Mr. Lorenson as a "will call" live witness for the bench trial on inequitable conduct. *See* Dkt. 355 at 26. During the February 18 pre-trial conference discussing timing of the bench trial, Ms. Replogle stated: "And let me be abundantly clear, Your Honor. Mr. Lorenson will do whatever the Court prefers him to do." Mr. Higer responded: "And it sounds like counsel for Impulse have acknowledged that Mr. Lorenson will come back in order to have the bench trial occur at a time

-1-

that makes the most sense." *See* 2/18/26 Hearing Tr. at 4:11-5:16. At a follow-on hearing on February 20, Ms. Replogle stated: "We have Troy Lorenson here. He will testify. He will testify before the jury, and he will testify before the bench trial." *See* 2/20/26 Hearing Tr. at 14:5-8.

Next, per the Pre-Trial Order procedure, he was identified on Sunday, February 22, as a will-call witness for Tuesday, to follow after Mr. Webster's testimony. On Monday, Mr. Lorenson was in the courtroom at counsel's table for *voir dire*, and was in the hallway when Impulse asked DWS's counsel whether he could sit in for opening statements (to which Mr. Karson agreed, while Mr. Higer said no—but no question both knew Mr. Lorenson was there). Through all of this, DWS's counsel never questioned Mr. Lorenson's attendance, or even asked Impulse's counsel whether they would accept a subpoena on Mr. Lorenson's behalf. There was no *legitimate* reason to serve him just moments before he was to testify. The *actual* reason was either (in the best light) to impact his concentration and demeanor, or worse, to influence and alter his testimony. And it did rattle Mr. Lorenson but, not wanting to delay the trial, Mr. Lorenson and Impulse pressed on.

Let there be no uncertainty: Mr. Lorenson will be here to complete his jury testimony on Wednesday, and to testify in the later bench trial. That said, Plaintiff Impulse requests that the Court quash or modify the improper subpoena, and in that Order characterize the minutes-before-testimony subpoena as an improper and unethical attempt to intimidate and distract a witness.

**I.    The Subpoena Is Improper On Its Face**

Mr. Lorenson retired in 2019 and currently lives on his ranch in Canada. Nevertheless, Mr. Lorenson has been (and continues to be) willing to testify live at trial in this case. Impulse's counsel has made this clear in every possible way. Despite that, the trial subpoena served on Mr. Lorenson now requires him to appear in this Court every day at 10:00 am from February 24 through March 6. Ex. 1. While Mr. Lorenson was and remains ready and willing to appear in this Court

for the jury portion and the bench portion, requiring ten unbroken days of attendance is unnecessary and unsupportable.  When Mr. Lorenson's jury-portion testimony is concluded, there is no reason he needs to be in the courtroom every day (unless he chooses to), and certainly not on the weekends.  Thus, a subpoena requiring Mr. Lorenson's presence until March 6 is arbitrary and unduly burdensome given the projected length of the scheduled jury portion of the trial.  Because DWS's subpoena imposes an unreasonable burden on Mr. Lorenson, the Court should quash the subpoena, or at minimum modify DWS's subpoena to avoid the undue burden.

    **II.**    **The Court Should Quash DWS's Subpoena To Mr. Lorenson**

Rule 45(d)(3) provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); … or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3); *see also Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004).

First, Mr. Lorenson is not a party to this case and is not employed by any parties to this case.  Rather, he is retired and lives in Canada.  Under Rule 45(c), "[a] subpoena may command a person to attend a trial, hearing, or deposition only as follows:"

    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

        (i) is a party or a party's officer; or

        (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c).  Here, the Houston courthouse is not within 100 miles of where Mr. Lorenson resides, is employed, or regularly transacts business in person.  Further, the State of Texas is not where Mr. Lorenson resides, is employed, or regularly transacts business in person.  Thus, under

Rule 45(d)(3), the Court "must quash or modify" DWS's subpoena because it "requires [Mr. Lorenson] to comply beyond the geographical limits specified in Rule 45(c)." *See, e.g.*, *In re Malyugin*, 310 F. Supp. 3d 3, 5 (D.D.C. 2018) (quashing a subpoena providing only two days' notice for a deposition of a third-party Russian national temporarily visiting the US).

Second, DWS's subpoena should be quashed because it "fails to allow a reasonable time to comply," and because it "subjects [Mr. Lorenson] to undue burden." Fed. R. Civ. P. 45(c). Indeed, Mr. Lorenson is a retired rancher in Canada with livestock to attend to. Nevertheless, he traveled to Houston to testify in this case regarding his patented inventions, and he is expected to complete testimony before the jury on Wednesday, February 25. Following his testimony, Mr. Lorenson is willing to remain in Houston as long as the Court determines necessary to provide testimony for the bench trial regarding DWS's inequitable conduct allegations. However, DWS's subpoena requires Mr. Lorenson to appear in this Court's courtroom every day at 10:00 am from February 24 through March 6, 2026—a 10 day period, including Saturday and Sunday—with no prior notice whatsoever. As such, DWS's subpoena must be quashed.

For example, in *In re Malyugin*, 310 F. Supp. 3d at 5, the court quashed a subpoena served on a non-party Russian citizen "two days prior to the date of compliance," finding that "[t]wo days' notice is plainly unreasonable." Further, while the non-party Russian citizen was "presently in the District of Columbia and therefore would not currently need to 'travel more than 100 miles from' … the Russia Federation," the court reasoned that "his stay in the District of Columbia is temporary" such that "re-noticing the deposition with a reasonable timeframe for compliance may then violate Rule 45(d)(3)(A)(ii)'s geographical constriction." *Id*. Hence, because "modification of the subpoena would be ineffectual to bring it into conformance with Rule 45's requirements," the court quashed the subpoena. *Id*.

Here, DWS's subpoena to Mr. Lorenson was served on February 24 and requires him to appear in this Court's courtroom every day at 10:00 am to be on "standby" from February 24 through March 6. As in *In re Malyugin*, DWS's subpoena failed to provide adequate notice to Mr. Lorenson that he would be required to stay in Houston through at least March 6, and imposes an undue burden on him. Thus, the Court should quash DWS's subpoena to Mr. Lorenson.

**III.     Alternatively, The Court Should Modify DWS's Subpoena To Mr. Lorenson**

To the extent the Court does not quash DWS's subpoena, the Court should modify DWS's subpoena such that it does not impose an undue burden on him. *See* Fed. R. Civ. P. 45(d)(3).

For example, while the Court has not set a date for the bench trial, Mr. Lorenson may testify before the Court before the jury appears for the day at 10:00am, or after the jury retires for the day at 4:30 pm, or at another time reasonably following his testimony before the jury. Impulse repeatedly made this clear. *See, e.g.*, Hearing Tr. (2/17/2026) at 14:5–8 ("We have Troy Lorenson here. He will testify. He will testify before the jury, and he will testify before the bench trial."); *id*. at 17:112–14 ("Mr. Lorenson … will be down from Canada to be in the jury trial and it would be easiest just to have him stay the extra day or two to attend the bench trial."). Mr. Lorenson should be allowed to return home to his ranch in Canada within a reasonable amount of time, where he must tend to his livestock and cattle. In short, requiring Mr. Lorenson to remain in Houston and appear in court every day for 10 days—with absolutely zero notice—is unduly burdensome, particularly given that there are less burdensome options for Mr. Lorenson's testimony.

Thus, at minimum, the Court should modify DWS's subpoena to Mr. Lorenson such that it does not impose an undue burden on him, for example, by specifying a firm date for his attendance and/or a narrow on-call window with reasonable notice to Mr. Lorenson.

## IV.     The Court's Order Should Note the Conduct Was Improper

DWS's courthouse-hallway service of a 10-day "standby" trial subpoena on a non-party witness moments before he was about to testify is inconsistent with counsel's obligation to use the compulsory process under Rule 25 responsibly and ethically.  Rule 45 itself requires attorneys issuing and serving subpoenas to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

Ethical rules similarly prohibit using legal processes to burden or harass third persons. Rule 1 of the Rules of Discipline for the Southern District of Texas provide that:

> A. Attorneys who practice before this court are required to act as mature and responsible professionals, and the minimum standard is the Texas Disciplinary Rules of Professional Conduct.
>
> B. Violation of the Texas Disciplinary Rules of Professional Conduct will be grounds for disciplinary action, but the court is not limited by that code.

Appx. A, Rules of Discipline, Southern District of Texas.  Rule 4.04 of the Texas Disciplinary Rules of Professional Conduct address "Respect for Rights of Third Persons" and provide that:

> (a) In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.

Tex. Disciplinary R. Prof. Conduct at 4.04(a); *see also* ABA Model Rule 4.4(a) (same); ABA Model Rule 3.4(a) ("A lawyer shall not … unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act; …."). Similarly, conduct that disrupts a witness immediately before testimony also implicates counsel's obligation to promote fair adjudication and avoid conduct prejudicial to the administration of justice. *See* ABA Model Rule 8.4(d) ("It is professional misconduct for a lawyer to … engage in conduct that is prejudicial to the administration of justice.").

Accordingly, in the Court's Order addressing DWS's subpoena to Mr. Lorenson, the Court should state that DWS's last-minute service—on a witness whose presence and willingness to testify had been repeatedly confirmed—was unethical and improper.

## V. Conclusion

For the foregoing reasons, Mr. Lorenson respectfully requests that the Court either quash or modify DWS's subpoena to Mr. Lorenson and characterize the subpoena service as an improper and unethical attempt to intimidate and distract a witness.

DATED: February 24, 2026

Respectfully Submitted,

By: /s/ *John R. Keville*
John R. Keville
Attorney-in-Charge
Texas State Bar No. 00794085
Southern District of Texas ID No. 20922
JKeville@sheppardmullin.com

Michelle C. Replogle
Texas State Bar No. 24034648
Southern District of Texas ID No. 34908
MReplogle@sheppardmullin.com

Michael C. Krill
Texas State Bar No. 24097954
Southern District of Texas ID No. 2782784
MKrill@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
845 Texas Avenue, 25th Floor
Houston, Texas 77002
Telephone: (713) 431-7100
Facsimile: (713) 431-7024

**COUNSEL FOR
NON-PARTY TROY LORENSON**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above document has been served on February 24, 2026, to all counsel via the Court's CM/ECF system.

/s/ *John R. Keville*
John R. Keville