IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IMPULSE DOWNHOLE SOLUTIONS LTD. and IMPULSE DOWNHOLE TOOLS USA LTD., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 4:23-cv-02954 |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| DOWNHOLE WELL SOLUTIONS, LLC, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT DOWNHOLE WELL SOLUTIONS, LLC'S RESPONSE TO NON-PARTY TROY LORENSON'S MOTION TO QUASH DEFENDANT'S TRIAL SUBPOENA UNDER FED. R. CIV. P. 45, OR ALTERNATIVELY TO MODIFY THE SUBPOENA**

On February 24, 2026, counsel of record for Defendant Downhole Well Solutions, LLC ("DWS") served a Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action ("Trial Subpoena") for Troy Lorenson ("Trial Subpoena") at the Bob Casey United States Courthouse. (Dkt. 376-1.) The Trial Subpoena is necessary to ensure Mr. Lorenson's attendance ***during DWS's case-in-chief*** at the upcoming, yet presently unscheduled, bench trial. While Plaintiffs have previously indicated that Mr. Lorenson would attend the bench trial generally, the Trial Subpoena is intended to ensure his attendance during DWS's case-in-chief specifically.

First, given Mr. Lorenson's (represented by Impulse's counsel in this Motion) extensive rhetoric, accusations, and efforts to cast aspersions through an incomplete record, DWS explains exactly what happened. As explained above, DWS sought to compel Mr. Lorenson's attendance during its case-in-chief at the inequitable conduct trial (the exact date of which is currently unknown). In accordance with Federal Rules, DWS' counsel of record, Eugene Massad, prepared a Trial Subpoena for Mr. Lorenson. During the lunch break yesterday (February 24), hours before

1

Mr. Lorenson took the stand, Mr. Massad saw Mr. Lorenson outside the courtroom. As he approached Mr. Lorenson, he stated Mr. Lorenson's name to ensure it in fact was Mr. Lorenson, stated he had a Trial Subpoena and asked for the location of his counsel. Mr. Massad was directed to Impulse's counsel, Mr. Keville. Mr. Massad then indicated to Mr. Keville that he had a Trial Subpoena for Mr. Lorenson and asked if Mr. Keville would accept the Trial Subpoena, or whether he should provide it directly to Mr. Lorenson. **Mr. Keville agreed to accept service.** That is the end of the story—simple service of a Trial Subpoena to Mr. Lorenson's counsel, not some nefarious act to intimidate Mr. Lorenson.[1]

Next, the Trial Subpoena is proper. *First*, Rule 45(b)(2) clearly states that "[a] subpoena may be served at any place within the United States." FED. R. CIV. P. 45. *Second*, because the jury trial and the bench trial are so connected, any immunity Mr. Lorenson may have from the geographic limitations of subpoena service are withheld. *See Lamb v. Schmitt*, 285 U.S. 222 (1932) (Supreme Court recognizing that the relationship between two proceedings may be such that immunity from service would obstruct judicial administration); *see also McDonnell v. Am. Leduc Petroleums, Ltd.*, 456 F.2d 1170, 1179 (2d Cir. 1972). *Third*, Mr. Lorenson is currently in Houston, Texas. By Plaintiffs' own admission, there is no undue burden in Mr. Lorenson staying in Houston. Further, Mr. Lorenson was served through counsel who resides within appropriate geographic range for service under Rule 45.

---

[1] Mr. Lorenson and Impulse also attempt to paint DWS' counsel in a poor light (on an irrelevant issue) by claiming that DWS's counsel agreed to allow fact witnesses, including Mr. Lorenson, to be present in the courtroom for opening statements. (Mot. at 2.) This is not accurate. Consistent with the parties' agreement in the Joint Pretrial Order "that fact witnesses will be sequestered," (Dkt. 355 at 29), both Mr. Karson and Mr. Higer declined to allow fact witnesses to attend openings because Plaintiffs' opening slides contained witness testimony and anticipated evidence.

Plaintiffs' Motion repeatedly states that Mr. Lorenson agrees to testify at the bench trial generally. (*See* Mot. at 1–2, 5). What the Motion fails to state is that Plaintiffs fail to consider that DWS plans to call Mr. Lorenson in its ***case-in-chief***. DWS is amenable to alternative arrangements and modifications to the Trial Subpoena to ensure Mr. Lorenson is available to testify in a manner that prevents alleged undue burden. However, without a scheduled date and time for the bench trial, the Trial Subpoena is the only method available for DWS to ensure Mr. Lorenson's attendance at the bench trial, should it occur before March 6, 2026. To protect DWS's interests, the Trial Subpoena was served while Mr. Lorenson was in attendance for the jury trial. The fact he was served, ***through counsel***, multiple hours before he would take the stand in the jury trial is inconsequential.

If Plaintiffs' counsel had met and conferred with DWS's counsel prior to filing the Motion—something that is expressly required under Local Rule 7.1(D)—DWS could have explained its reasoning and likely reached an agreement with Plaintiffs' counsel regarding Mr. Lorenson's attendance at the bench trial. Unfortunately, Plaintiffs did not satisfy the local rules, did not discuss this Motion with DWS's counsel, and are now requiring additional judicial resources during trial.

The Trial Subpoena was not served to intimidate Mr. Lorenson or impact his concentration as Plaintiffs baselessly assert. Instead, Mr. Lorenson was served where he could be found—the very courthouse where the Trial Subpoena compels compliance. Additionally, Mr. Lorenson would not be unduly burdened or incur expense in abiding by the Trial Subpoena. Mr. Lorenson is already here. As Plaintiffs confirm, "[f]ollowing his testimony, Mr. Lorenson is willing to remain in Houston as long as the Court determines necessary to provide testimony for the bench trial." (Mot. at 4.) Mr. Lorenson cannot claim the Trial Subpoena is unduly burdensome because

it requires him to remain here and then immediately say he is willing to stay in Houston for the bench trial as long as the Court deems necessary.

  DWS requests the Court deny Plaintiffs' Motion and allow the parties to confer to modify the Trial Subpoena to Mr. Lorenson such that the parties agree Mr. Lorenson will be available to testify during DWS's case-in-chief at the upcoming bench trial, whenever the Court sets that to be held.

Dated: February 25, 2026

Respectfully submitted,

/s/ *Jamie H. McDole*
Michael D. Karson
Attorney-in-Charge
  Texas State Bar No. 24090198
  SDTX Fed. No. 3293023
Phillip B. Philbin
  Texas State Bar No. 15909020
  SDTX Fed. No. 11636
Jamie H. McDole
Texas State Bar No. 24082049
  SDTX Fed. No. 1626626
David W. Higer
  Texas State Bar No. 24127850
  SDTX Fed. No. 3757251
Miranda Y. Jones
  Texas State Bar No. 24065519
  SDTX Fed. No. 1147635
Matthew L. Vitale
  Texas State Bar No. 24137699
  SDTX Fed. No. 3864676
Cody M. Carter
  Texas State Bar No. 24131091
  SDTX Fed. No. 3903320
Eugene M. Massad, III
  Texas State Bar No. 24126247
  SDTX Fed. No. 3943590
WINSTEAD PC
2728 N. Harwood Street
Suite 500
Dallas, Texas 75201
Telephone: (214) 745-5400
Fax: (214) 745-5390
Email: mkarson@winstead.com
       pphilbin@winstead.com
       jmcdole@winstead.com
       dhiger@winstead.com
       mjones@winstead.com
       mvitale@winstead.com
       ccarter@winstead.com
       emassad@winstead.com

Austin C. Teng
  Texas State Bar No. 24093247
  SDTX Fed. No. 3747245
Nadia E. Haghighatian
  Texas State Bar No. 24087652
  SDTX Fed. No. 2598876
Omar A. Marawi
  Texas State Bar No. 24120991
  SDTX Fed. No. 3736903
WINSTEAD PC
600 W. 5th Street, Suite 900
Austin, TX 78701
Telephone: (512) 370-2800
Fax: (512) 370-2850
Email: ateng@winstead.com
       nhaghighatian@winstead.com
       omarawi@winstead.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 25, 2026, I electronically submitted the foregoing document with the clerk of the United States District Court for the Southern District of Texas, using the electronic case management CM/ECF system of the Court which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s/ Jamie H. McDole