IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IMPULSE DOWNHOLE SOLUTIONS LTD and IMPULSE DOWNHOLE TOOLS USA LTD, | ) ) ) ) |
| Plaintiffs, | ) Civil No. 4:23-cv-02954 ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| DOWNHOLE WELL SOLUTIONS, LLC, | ) ) |
| Defendant. | ) |

**PROPOSED ORDER GRANTING DEFENDANT DOWNHOLE WELL SOLUTIONS, LLC'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO NON-INFRINGEMENT AND DAMAGES**

Before the Court is Defendant Downhole Well Solutions, LLC's Rule 50(a) Motion for Judgment as a Matter of Law as to Non-Infringement and Damages (the "Motion"). Having considered the Motion, together with any evidence, legal authority, and arguments, the Court finds that the Motion should be and hereby is **GRANTED**. The Court therefore GRANTS judgment as a matter of law as follows:

1. Defendant does not infringe any asserted claim from the '976 Patent because Plaintiffs failed to present legally sufficient evidence that Defendant's PowerGLIDE or PowerGLIDE On-Demand tools satisfy, either literally or under the doctrine of equivalents, the "irregular pattern" limitation required by all asserted claims of that patent.

2. Defendant does not infringe any asserted claim from the '584 Patent because Plaintiffs failed to present legally sufficient evidence that Defendant's PowerGLIDE or PowerGLIDE On-Demand tools satisfy, either literally or under the doctrine of equivalents, the "cyclic, polyrhythmic pattern" limitation required by all asserted claims of that Patent.

3. Defendant does not infringe any asserted claim from the '337 Patent because Plaintiffs failed to present legally sufficient evidence that Defendant's PowerGLIDE or PowerGLIDE On-Demand tools satisfy, either literally or under the doctrine of equivalents, the "thereby activate . . . to thereby produce fluid pressure pulses" limitation required by all asserted claims of that patent.

4. Defendant does not infringe claim 7 of the '337 Patent because Plaintiffs failed to present legally sufficient evidence that Defendant made, used, sold, offered to sell, or imported "a drilling string" meeting that claim.

5. Defendant does not indirectly infringe under 35 U.S.C. § 271(b) because Plaintiffs failed to present legally sufficient evidence to prove the elements unique to inducement, including knowledge of infringement, and specific intent and affirmative acts to encourage infringement.

6. Defendant does not indirectly infringe under 35 U.S.C. § 271(c) because Plaintiffs failed to present legally sufficient evidence to prove the elements unique to contributory infringement, including that any accused component is a non-staple article especially made or adapted for infringement, and the required knowledge element.

7. Plaintiffs are barred from recovering damages prior to providing Defendant with actual notice of infringement because Plaintiffs failed to prove compliance with the marking requirements of 35 U.S.C. § 287(a).

8. Plaintiffs are barred from recovering damages prior to the filing of this lawsuit because Plaintiffs failed to present legally sufficient evidence that they provided actual notice of infringement.

9. Plaintiffs' damages, if any, are limited at most to nominal damages because Plaintiffs failed to present legally sufficient evidence apportioning its reasonable-royalty damages

to the incremental value attributable to the claimed inventions, including (i) failing to apportion among distinct asserted patents and (ii) failing to apportion away from conventional components.

10. The NOV/TLL agreement cannot support a reasonable-royalty rate because Plaintiffs failed to demonstrate that the agreement is technically comparable to the technology at issue in this lawsuit.

11. Plaintiffs are barred from recovering damages based on any alleged convoyed sales because Plaintiffs failed to establish the technical and functional link required between the patented and non-patented items.

**SIGNED** at Houston, Texas, on this _____ day of _____, 2026.

                                                                                     _____
                                                                                     HON. KEITH P. ELLISON
                                                                                     UNITED STATES DISTRICT JUDGE