United States District Court
Southern District of Texas
ENTERED
August 06, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IMPUSLE DOWNHOLE SOLUTIONS LTD., *et al.*,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:23-CV-02954** |
| | § | |
| **DOWNHOLE WELL SOLUTIONS, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER**

Following a trial in February of 2026, a jury found that Defendant Downhole Well Solutions, LCC, ("DWS") infringed patents[1] belonging to Plaintiffs Impulse Downhole Solutions, LTD., and Impulse Downhole Tools USA, LTD (collectively, "Impulse"). ECF No. 392 at 33-35. The jury also found that Defendant had failed to prove its invalidity defense. *Id.* at 37.

The Court set a bench trial on DWS' remaining defense of inequitable conduct, which took place in July of 2026. A key issue before the Court was whether an inventor of the '976 and '584 patents—Troy Lorenson—committed inequitable conduct by intentionally failing to disclose material information about another tool in the prosecution of the patents.[2]

After the presentation of Defendant's case-in-chief and Plaintiffs' fact witnesses, Plaintiffs moved for judgment on partial findings of fact pursuant to Rule 52(c) of the Federal

[1] These were U.S. Patent No. 9,080,584 (the "'584 Patent") and U.S. Patent No. 9,637,976 (the "'976 Patent").
[2] Defendant initially argued that attorney Jenna Wilson also engaged in inequitable conduct by intentionally failing to disclose the same material information. It is the Court's understanding that Defendant is no longer pursuing these arguments. *See generally* ECF No. 408; Trial Tr. Day 3 PM at 76:22-24, 80:4-18.

Rules of Civil Procedure.[3] Having considered briefs submitted by both Parties, the Court concludes that Defendant has failed to show deceptive intent on the part of Mr. Lorenson in the prosecution of the '976 and '584 patents. Accordingly, the Court **GRANTS** Plaintiffs' Rule 52(c) Motion as to Mr. Lorenson, concluding that he did not engage in inequitable conduct.

## I. FINDINGS OF FACT

The Court finds only the facts necessary for resolution of Plaintiffs' Rule 52(c) Motion.

### *A. Prosecution of the '976 and '584 Patents*

1. Named inventors Troy Lorenson, David Nicholson, and Petr Macek filed Provisional Application No. 61/737,050 (the "'050 Provisional Application") on December 13, 2012.
2. The named inventors filed the '050 Provisional Application through prosecution counsel David Schnurr.
3. Applicants TLL Oilfield Consulting Ltd. ("TLL") and Acura Machine Inc. ("Acura") filed Nonprovisional Application No. 14/104,701 (the "'701 Nonprovisional Application") on December 12, 2013. The '701 Nonprovisional Application claimed priority to the '050 Provisional Application.
4. Applicants filed the '701 Nonprovisional Application through new prosecution counsel, Jenna Wilson. Attorney Jenna Wilson worked at the same firm as Bruce Stratton, an attorney contemporaneously defending the inventors in a patent infringement lawsuit brought by one of their competitors, NOV.

[3] Rule 52(c) provides that "[i]f a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 52(c). The Court "set out findings on all factual questions that arise in a case," *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1054 (5th Cir. 1997).

5. Applicants TLL and Acura, through Attorney Jenna Wilson, filed Nonprovisional Application 14/153,646 (the "'646 Nonprovisional Application") on January 13, 2014. The '646 Application claimed priority to the '050 Provisional Application.
6. The PTO issued the '646 Application as the '976 Patent on May 2, 2017.
7. Named inventors Mr. Lorenson, Mr. Nicholson, and Mr. Macek filed Provisional Application No. 61/911,286 (the "'286 Provisional Application") on December 3, 2013.
8. The named inventors filed the '286 Provisional Application through Attorney Wilson.
9. Applicants TLL and Acura, through new prosecution counsel, filed Nonprovisional Application No. 14/771,418 (the "'418 Application") on August 28, 2015. The '418 Application claimed priority to the '286 Provisional Application.
10. The PTO issued the '418 Application as the '584 Patent on September 19, 2017.

***B. The Jigger Tool***

11. The inventors of the '976 and '584 Patents created the Jigger Tool prior to filing the nonprovisional applications which became the '976 and '584 Patents.
12. Mr. Lorenson informed Attorney Schnurr of the Jigger Tool. He disclosed how it functioned and its development history. Trial Tr. Day 1 at 156:3-15; Trial Tr. Day 1 at 156:16-23. Additionally, he shared drawings of the second version of the Tool with Attorney Schnurr for use in the patent application process. Trial Tr. Day 1 at 162:7-12. Mr. Lorenson did not withhold information about the Jigger Tool from Attorney Schnurr. Trial Tr. Day 1 at 162:7-12.
13. Mr. Lorenson informed Attorney Stratton of the Jigger Tool and various changes to it. Trial Tr. Day 1 at 164:20-25. He disclosed how it functioned, that it was running in the field, and the revenue associated with the Tool in 2011 and 2012. Trial Tr. Day 1 at

165:23-166:16. Mr. Lorenson did not withhold information about the Jigger Tool from Attorney Stratton. Trial Tr. Day 1 at 165:23-166:16.

14. Because Attorney Stratton and Attorney Wilson worked in the same office, Mr. Lorenson believed that Attorney Stratton shared information about the Jigger Tool with Attorney Wilson. Trial Tr. Day 1 at 165:23-166:16.
15. Mr. Lorenson relied on his patent attorneys throughout the prosecution of the '976 and '584 Patents. Trial Tr. Day 1 at 101:21-102:10, 128:9-13, 129:4-7.

Defendant alleges that the Jigger Tool should have been disclosed to the United States Patent and Trademark Office ("PTO") during the prosecution of the '976 and '584 Patents.

## II. CONCLUSIONS OF LAW

"To prevail on the defense of inequitable conduct, [an] accused infringer must prove [that a patent applicant] misrepresented or omitted material information with the specific intent to deceive the PTO." *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011). It must prove both prongs by clear and convincing evidence. *Id.* In other words, a defendant's failure to show either materiality or intent to deceive defeats the inequitable conduct defense. A finding of intent requires that "the specific intent to deceive must be 'the single most reasonable inference able to be drawn' from the 'indirect and circumstantial evidence'" available. *Id.* at 1290. Without more, negligent nondisclosure of material information is insufficient for inequitable conduct. *See Halliburton Co. v. Schlumberger Technology Corp.*,925 F.2d 1435, 1442-43; *Optium Corp. v. Emcore Corp.,* 603 F.3d 1313, 1324 (Fed. Cir. 2010) (Prost, J., concurring).

During the bench trial, Mr. Lorenson consistently testified that he trusted his patent attorneys throughout the prosecution of ‘976 and ‘584 Patents. The evidence suggests that Mr. Lorenson believed he had shared all necessary information about the Jigger Tool with Attorney Schnurr and Attorney Stratton, and that Attorney Stratton had conveyed that information to Attorney Wilson.[4] The Court found Mr. Lorenson’s statements to be credible. On this record, the Court cannot conclude that “the single most reasonable inference to be drawn” is that Mr. Lorenson had a specific intent to deceive the PTO by not ensuring that the Jigger Tool was reflected in the provisional and nonprovisional applications for the ‘976 and ‘584 Patents. It is at least as likely that Mr. Lorenson believed he had disclosed all relevant information to his patent attorneys and felt secure in relying on their expertise.

Because the Court determines that Defendant has failed to show a specific intent to deceive, the Court need not address whether the Jigger Tool was material to the ‘976 and ‘584 Patents. The Court hereby enters judgment **DENYING** DWS’ defense that Mr. Lorenson committed inequitable conduct in the prosecution of the ‘976 or ‘584 Patents.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 6th day of August, 2026.

Keith P. Ellison
United States District Judge

[4] There was conflicting testimony during the bench trial as to whether Mr. Lorenson and his co-inventors conveyed information about the Jigger Tool to Attorney Wilson directly. The Court is unable draw a conclusion as to whether Attorney Wilson was apprised by the inventors of the Jigger Tool or otherwise had knowledge of it, and The Court need not do so in order to decide the issue of intent.